J. H. KNAUSS AND ANOTHER, RESPONDENTS, v. THOMAS CAHOON AND ANOTHER, APPELLANTS.

PARTNERSHIP.—PURCHASE OF LANDS.—ASSIGNMENT OF INTEREST.— Where K., C. and R. entered into an agreement to purchase certain lands, to share equally in the payments, and to own equal interests when paid for, and after first payment made thereon and contract given in the name of C. and R., K. assigned one half of his interest by oral agreement to E., *held*, that such assignment was not within the statute of frauds.

ID.—ID.—ACCOUNTING.—DAMAGES.—Where K., C. and R. agreed to purchase lands, each to pay one-third of the purchase money, and to take the deed in the name of C. and R., and to own equal interests in the lands when paid for, and K. afterwards assigns one-half of his interest to E., and the first installment having been paid by the said parties according to their respective interests, C. and R. took the contract in their own names, and subsequently C. and R. paid the remainder of the purchase price, concealing this fact from K. and E., and took the deed in their own names, and afterwards sold the property for an increased price, *held*, that K. and E. were entitled to one-third of such increased price after deducting from such increased price the balance paid for the land.

CROSS-APPEAL from a judgment of the district court of the first district.

The findings of the court on which the plaintiffs asked to have the decree reversed on the measure of damages were as follows: "That said land at the time of the filing of the original complaint in this cause, to wit: February 23, 1889, was worth the sum of $24,000, and at the time of the trial of this cause was worth the sum of $48,000." The remaining facts are found in the opinion.

*Messrs. Smith and Smith,* and *Messrs. Kimball and Allison,* for the appellants and respondents, in the cross-appeal.

*Messrs. Sutherland and Judd, Mr. U. J. Wenner* and *Mr. Thomas Maloney,* for the respondents and appellants, in the cross-appeal.

The court adopted the wrong rule as to the measure of recovery. The rule as to trustees is plain. The recovery should have been one-third of the price at the time of the decree. Hill on Trustees, 784, 486; *Shay* v. *LeClaire,* 11 Wall. 217; *Hart* v. *Ten Eyck,* 2 Johns. Ch. 115; *Calhoun* v. *Burnett,* 40 Miss. 264; *Meechan* v. *Forrester,* 56. N. Y., 280. The same rule should be applied to partners, citing Collier on Partnership, §§ 178, 182; 3 Kent's Comm. 52, and note.

BLACKBURN, J.:

In this cause both parties appeal. The plaintiffs appeal from the amount of recovery. It is to be decided only on the pleadings, findings of facts, conclusions of law, and judgment, as the evidence taken at the trial is not in the record. We do not think a lengthy opinion on the plaintiffs' appeal is necessary. It is sufficient to say that it is not well taken. One of the findings of fact is that Edwards, one of the plaintiffs, Cahoon and Robinson, two of the defendants, entered into an agreement to pur-

chase certain lands of the Union Pacific Railroad Company, to share equally in the payment for the land, and to own equal interests when paid for, and the deed, when taken, was to be in the name of Edwards for the benefit of the three. The land was bought and paid for, and the contract taken in the name of Cahoon and Robinson. Also Edwards sold one-half of his interest to the other plaintiff, Knauss. The purchase price was over $1,000. Afterwards Cahoon and Robinson sold the land for $12,000. The court found as a matter of fact this enterprise was a partnership one, and the basis of recovery by the plaintiffs, if they were entitled to recover at all, was the price for which the land was sold. We think that decision was right, if the property was partnership; and we are bound by the findings of the court, the evidence not being in the record. The partners, in settling among themselves, each was entitled only to his share of the profits of the enterprise, calculated on the basis of what the property sold for, unless the partner making the sale fraudulently sold the property for less than it was worth; and the trial court did not so find. Therefore, in so far as the appeal of the plaintiffs is concerned, the judgment of the trial court is affirmed. The trial court found the facts substantially as follows: "The land in question was owned by the Union Pacific Railroad Company, and was for sale at a certain price, to be paid for in installments. Edwards, one of the plaintiffs, entered into an agreement with the defendants, Cahoon and Robinson, that they would buy the land, each paying one-third of the purchase money, and each own one-third of the land when paid for. Edwards sold one-half of his interest to the other plaintiff, Knauss. The first installment on the land of $240 was paid; the plaintiffs paying $80, and the defendants, Cahoon and Robinson, each paying $80. The intermediate installments were not paid, and the company,

when the last installment fell due, notified Cahoon and Robinson that payment must be made, or the contract would be forfeited. This notice was concealed from the plaintiffs, and Cahoon and Robinson paid up for the land, and took the deed in their own names, and afterwards sold it for $12,000,—a great advance on the price paid. When Knauss found out the facts he offered his share in the purchase money, and demanded a settlement of Cahoon and Robinson, and they refused to allow him or Edwards anything." The court on these facts decreed that, after deducting the excess of the purchase money they had paid, they should account to the plaintiffs for the sale price of the property, and gave the plaintiffs a judgment therefor. We think the judgment is right. How the court could have decreed otherwise, keeping in view the equities of the parties, is beyond our comprehension; and it makes no difference whether the venture was a partnership, or whether the parties took several interests in the land as tenants in common. We think the statute of frauds has no application to the case whatever. The principles of equity upon which this decision is made are familiar and rudimentary, and no authorities need be cited in their support. The decree of the lower court is affirmed.

ZANE, C. J., and ANDERSON, J., and MINER, J., concurred.