WILLARD L. COFFIN, RESPONDENT, *v.* JAMES T. McINTOSH, APPELLANT.

STATUTE OF FRAUDS.—PARTNERSHIP IN REAL ESTATE.—A contract was made by one who owned certain real estate for speculative purposes, by which the owner offered to let another in on the deal for a loan of $200 and a further payment of $250, which the second party did actually perform, *held* that this contract was not within the statute of frauds.

PARTNERSHIP.—ACTION AT LAW.—ACCOUNT.—Where the sole subject of partnership was a single venture in real estate, which real estate has been sold and the proceeds therefrom realized, one partner can sue another for his share of the proceeds in an action at law.

APPEAL from a judgment of the district court of the fourth district and from an order refusing a new trial, Hon. James A. Miner, judge. The opinion states the facts except the following:

The complaint was upon two causes of action. First, money had and received in the sum of $750; second, money had and received in the sum of $1,025. The answer denied the first cause of action. As to the second cause of action, the answer alleged that defendant and plaintiff were co-partners in buying a certain piece of real estate,

purchase price to be $5,636.80, one half to be paid by each. This amount was paid to defendant as purchase price thereof, and as a counter claim defendant alleged $643.80 yet due. As a further counter claim defendant alleged a promissory note made by himself and defendant for $1,500, made wholly for plaintiff, which note defendant was compelled to pay, as well as for a third counter claim, on a similar note, the sum of $178.50. The issues were tried and the jury rendered a verdict for $750 for plaintiff on the whole issue, but on which cause of action was not indicated.

*Mr. Henry P. Henderson* and *Mr. Hiram H. Henderson,* for the appellant.

They claimed two errors: (1) That the contract was within the statute of frauds; (2) that it being a partnership matter on an unsettled transaction, an action at law could not be maintained.

*Messrs. Evans and Rogers,* for the respondent.

They cited as to the statute of frauds, *Lauer* v. *Richmond Co-operative Mercantile Institution,* 31 Pac. Rep. 397, to the effect that the statute must be pleaded. As to the second error assigned, they claimed that no partnership existed.

BARTCH, J.:

The plaintiff in this case brought this action to recover a certain sum of money alleged to be due him from the defendant. He set up two causes of action for money had and received. The jury rendered a verdict in his favor for the sum of $750. The defendant then moved for a new trial, which motion having been overruled he appealed to

this court.    The controversy grew out of a real-estate
transaction.    The evidence shows that the defendant and
one Armstrong had a piece of property, and the defendant
made an offer to the plaintiff to the effect that if he would
loan him $200 he would let him into the deal at cost.    The
plaintiff accepted this offer, loaned him the $200, and then
put in $250, the defendant having furnished the same
amount.    By this arrangement the plaintiff was to have
one-half of defendant's interest, and was to have a contract
for it.    The plaintiff was also to pay one-half of the
defendant's share of the indebtedness against the property.
The defendant, it appears, represented to the plaintiff that
he had a contract for the interest of which the plaintiff
was to have the the one-half.    The property was after-
wards sold at an advance in price, while the plaintiff was
absent from the Territory, and the defendant received
plaintiff's share of the proceeds, but failed to turn it over
to him upon demand.

At the trial counsel for the defendant moved to strike
out the testimony of the plaintiff on the ground that it
was shown thereby that the transaction was in relation to
a piece of real estate, and, not being in writing, was within
the statute of frauds; and also, that the transaction related
to a partnership which was unsettled, and was not subject
to an action at law.    The action of the court in overruling
this motion raises the only material question in the case.
This court, in *Knauss* v. *Cahoon*, 7 Utah, 182, 26 Pac.
Rep. 295, held, under circumstances similar to those in
this case, that the statute of frauds had no application.
Especially is this so where, as in this case, the statute is
not pleaded.    As to the question of partnership, we do not
think the position of counsel for the defendant tenable.
The land in question had been sold, the plaintiff's share
of the proceeds paid to the defendant, and there was noth-
ing remaining to be done but for him to pay it over when

demand was made for it.   There appears to be no error in the ruling of the trial court.   The judgment is affirmed.

ZANE, C. J., and SMITH, J., concurred.